# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **CHARLES ALLEN MOFFETT, JR.,** ) | |
| ) | |
| Petitioner, ) | Case No. 7:20CV00466 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **HAROLD W. CLARKE,** ) | By: James P. Jones |
| ) | United States District Judge |
| Respondent. ) | |
| ) | |

*Charles Allen Moffett, Jr., Pro Se Petitioner.*

Petitioner Charles Allen Moffett, Jr., a Virginia inmate proceeding pro se, filed this Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. He challenges the May 2019 judgment of the Stafford County Circuit Court under which he stands convicted of various criminal offenses and sentenced to serve prison time. Moffett also appears to challenge the validity of his detention around the same time, related to his probation on a prior conviction. Upon review of the record, the court concludes that the § 2254 petition must be summarily dismissed without prejudice, because Moffett has not yet exhausted available state court remedies.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. The exhaustion requirement is satisfied by seeking

review of the claims, throughout the state court system, to the highest state court with jurisdiction to consider the claims. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). If a § 2254 petitioner comes to federal court while he still has available state court proceedings where he can litigate his habeas claims in the state courts, the federal court should dismiss his § 2254 petition without prejudice to allow him to exhaust those state court remedies. *Slayton v. Smith*, 404 U.S. 53, 54 (1971). The exhaustion requirement may be met through a direct appeal to the Court of Appeals of Virginia, and if the petitioner is unsatisfied with the result there, he may then appeal to the Supreme Court of Virginia. Va. Code Ann. § 17.1-411. As to some kinds of claims, the petitioner must exhaust state court remedies by pursuing a state habeas petition, which he may file in the Circuit Court where he was convicted, with a subsequent appeal to the Supreme Court of Virginia, or he may file the habeas petition directly with the Supreme Court of Virginia. Va. Code Ann. § 8.01-654(A)(1). Whichever route he follows in exhausting state court remedies, a petitioner must ultimately present each of his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them on the merits under § 2254.

On the face of Moffett's § 2254 petition, he states that his direct appeal of the Stafford County Circuit Court's judgment is still pending. State court records available online support this statement. Because his state court appeal has not

concluded, Moffett has not yet exhausted all available state court remedies as required under § 2254(b) before this court could grant the relief he seeks. Therefore, the court must dismiss his § 2254 petition without prejudice.[1]

A separate Final Order will be entered herewith.

DATED:  August 24, 2020

/s/  James P. Jones
United States District Judge

---

[1] Moffett is advised that if he is dissatisfied with the outcome after he has exhausted his available state court remedies, by receiving a ruling from the Supreme Court of Virginia on his claims, he may file another § 2254 petition in the United States District Court for the Eastern District of Virginia, where Stafford County is located.